**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2492
_____

ANTHONY J. CARROLL

v.

DELAWARE RIVER PORT AUTHORITY,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:13-cv-02833)
District Judge:  Hon. Noel L. Hillman
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 18, 2016

Before:  AMBRO, SHWARTZ, and FUENTES, *Circuit Judges*

(Filed:  December 12, 2016)

Marisa J. Hermanovich, Esq.
Matthew S. Wolf, Esq.
Matthew S. Wolf
1236 Brace Road, 2nd Floor
Cherry Hill, NJ 08034

>*Attorneys for Appellee*

Rufus A. Jennings, Esq.
Carla P. Maresca, Esq.
Deasey Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

>*Attorneys for Appellant*

_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*.

After the District Court denied Plaintiff Anthony J. Carroll's motion for partial summary judgment and Defendant Delaware River Port Authority's motion for summary judgment, it certified the following legal question for our review: in a failure-to-promote discrimination suit under the Uniformed Services Employment and Reemployment Rights Act ("USERRA," 38 U.S.C. § 4301, et seq.), must a plaintiff plead and prove that he or she was

2

objectively qualified for the position sought?  We now answer that question in the negative.  In our view, plaintiffs need not plead or prove that they are objectively qualified in order to meet their initial burden under USERRA; instead, employers may raise a plaintiff's lack of qualifications as a non-discriminatory justification for declining to promote the plaintiff, notwithstanding his or her military service.

## I.

This case centers on Carroll's employment at the Port Authority.  Carroll was first hired by the Port Authority in 1989 as a police officer.  Between 1989 and 2009, he was a member of the uniformed services in various capacities, including six years as a corpsman in the United States Navy and ten years as a member of the Pennsylvania National Guard.  When not on active duty in the military, Carroll maintained his employment with the Port Authority, ascending to the rank of corporal in the Port Authority Police in 2004.

Carroll was again ordered to active duty in late 2008 and deployed to Iraq in early 2009, where he sustained injuries leading to such conditions as cervical spondylosis, degenerative disk disease, bilateral torn rotator cuffs, brain injury, and high-frequency hearing loss.  Carroll returned to the United States in late 2009 and was in rehabilitation for his injuries until his honorable discharge in late 2013.  Carroll has not worked for the Port Authority since he was deployed to Iraq in early 2009.

In October 2010 and October 2012, while on active duty but in rehabilitation, Carroll applied to the Port

Authority for a promotion to the rank of sergeant. Although he was interviewed in both 2010 and 2012, he was not promoted on either occasion.

Carroll then sued the Port Authority under USERRA, alleging that he was not promoted to sergeant in 2010 or 2012 due to unlawful discrimination on the basis of his military service. After motion practice and discovery in the District Court, Carroll filed a motion for partial summary judgment—related to the 2012 promotion—and the Port Authority filed a motion for summary judgment on all claims. In so moving, the Port Authority argued that, to survive summary judgment, Carroll must raise a triable issue of fact on the question of whether he was objectively qualified for a promotion to sergeant. The District Court denied both motions for summary judgment and Carroll's subsequent motion for reconsideration. The Port Authority then moved the District Court for an interlocutory appeal on the question of whether Carroll must plead and prove that he was objectively qualified for a promotion to sergeant in order to sustain his discrimination suit under USERRA. The Court granted the Port Authority's motion and certified that question for appeal.

## II.[1]

The question presented is straightforward: in a failure-to-promote discrimination suit under USERRA, must a plaintiff plead and prove that he or she was objectively

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1292(b).

qualified for the position sought? The answer, we find, is equally straightforward: no.

Congress enacted USERRA in 1994 to, *inter alia*, "encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service."[2] To this end, USERRA prohibits the "deni[al] [of] initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of [a person's] membership, application for membership, performance of service, application for service, or obligation [in a uniformed service]."[3] When plaintiffs allege discrimination in violation of USERRA, courts apply a two-step burden shifting framework adapted from *NLRB v. Transportation Management Corp.*:[4]

> [A]n employee making a USERRA claim of discrimination [] bear[s] the initial burden of showing by a

---

[2] 38 U.S.C. § 4301(a)(1).

[3] 38 U.S.C. § 4311(a).

[4] 462 U.S. 393 (1983), *abrogated by Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267 (1994). In *Transportation Management*, the Supreme Court applied a two-step burden shifting framework in the context of the National Labor Relations Act, which prohibits the discharge of a worker based on his or her union activity. *Id.* at 401.

preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the adverse employment action. If this requirement is met, the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason.[5]

The Port Authority seeks to alter this framework by importing an additional requirement from other anti-discrimination statutes. According to the Port Authority, USERRA plaintiffs must sustain their initial burden by demonstrating two facts by a preponderance of the evidence: (1) that they were objectively qualified for the position sought, and (2) that their military service was "a substantial or motivating factor" in the adverse employment action. In this case, for example, the Port Authority claims that Carroll was physically incapable of performing a sergeant's duties due to his injuries and was therefore unqualified for the position. Under the Port Authority's proposed framework, Carroll

---

[5] *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (utilizing the *Transportation Management* framework to analyze USERRA claims).

could not meet his initial burden under USERRA—even if he could show that his military service was "a substantial or motivating factor"—because he could not demonstrate that he was objectively qualified for the promotion to sergeant.

Carroll, on the other hand, contends that a plaintiff's objective qualifications are only relevant to the USERRA analysis *after* a plaintiff meets his or her initial burden. Once a plaintiff has shown that his or her military service was "a substantial or motivating factor" in the adverse employment action, Carroll argues, the employer may then advance non-discriminatory reasons—which may include a lack of qualifications—to show that the employer would have taken the adverse action anyway. In other words, Carroll asserts that a plaintiff's objective qualifications are certainly relevant, but they are an affirmative defense to be advanced by the employer, not an additional hurdle to be cleared by USERRA plaintiffs.

We find Carroll's reading more persuasive. The statute is clear that an employer violates USERRA if a plaintiff's "membership . . . in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership."[6] All courts of appeals interpreting USERRA have recognized this unambiguous language and held that a plaintiff meets his or her initial burden simply by showing that military service was "a substantial or motivating factor" in the adverse employment

---

[6] 38 U.S.C. § 4311(c)(1).

7

action.[7]  Indeed, this Court has so held on more than one occasion, albeit in non-precedential opinions.[8]  The clear implication of these uniform holdings is that plaintiffs need *not* plead or prove that they are objectively qualified in order to meet their initial burden under USERRA.  Instead, it is incumbent on employers to raise a plaintiff's lack of qualifications at the second step of our USERRA framework: an employer may argue, for example, that it would have taken the same employment actions absent a plaintiff's military service because he or she lacked the necessary qualifications for the position in question.[9]  This construction not only comports with the plain text of USERRA and holdings of

[7] *Angiuoni v. Town of Billerica*, 838 F.3d 34, 39 (1st Cir. 2016); *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 547 (5th Cir. 2013); *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 755 (6th Cir. 2012); *Madden v. Rolls Royce Corp.*, 563 F.3d 636, 638 (7th Cir. 2009); *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2006); *Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 551 (8th Cir. 2005); *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1239 (11th Cir. 2005); *Hill v. Michelin N. Am., Inc.*, 252 F.3d 307, 312 (4th Cir. 2001); *Sheehan*, 240 F.3d at 1013; *Gummo v. Vill. of Depew, N.Y.*, 75 F.3d 98, 106 (2d Cir. 1996).

[8] *See, e.g.*, *Murphy v. Radnor Twp.*, 542 F. App'x 173, 177 (3d Cir. 2013) (not precedential); *Hart v. Twp. of Hillside*, 228 F. App'x 159, 162 (3d Cir. 2007) (not precedential).

[9] *See Madden*, 563 F.3d at 638-39 (considering the employee's lack of qualifications as part of the employer's evidence at the second step of the USERRA analysis, not as part of the employee's initial burden).

courts of appeals, but also effects Congress's intent to "clarify, simplify, and, where necessary, strengthen the [previous] veterans' employment and reemployment rights provisions."[10]

The Port Authority's reliance on other anti-discrimination statutes does not alter our conclusion. For example, the Port Authority places much weight on the uncontroversial proposition that Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") have all been interpreted, under the *McDonnell Douglas* framework, to require an initial showing that the plaintiff is objectively

---

[10] *Gummo*, 75 F.3d at 105 (quoting H.R. Rep. No. 65, 103d Cong., 2d Sess. 18 (1994)). As courts have explained, USERRA was enacted in 1994 to more broadly protect uniformed service members from discrimination. *Id.*; *Sheehan*, 240 F.3d at 1012-13. For example, the Supreme Court held in *Monroe v. Standard Oil Co.*, 452 U.S. 549 (1981), that liability for violations of the Vietnam Era Veterans' Readjustment Assistance Act (USERRA's predecessor) was unfounded unless the employee's reserve status was the *sole* motivation for the discriminatory conduct. In response, Congress passed USERRA and made clear "that a violation occurs when a person's military service is a 'motivating factor' in the discriminatory action, even if not the sole factor." *Sheehan*, 240 F.3d at 1013 (citing 38 U.S.C. § 4311(c)(1)); *see also Gummo*, 75 F.3d at 105. Our interpretation of USERRA today embraces this congressional objective.

qualified for the position sought.[11] But the *Transportation Management* framework set forth above,[12] rather than the *McDonnell Douglas* framework, has been consistently applied to analyze USERRA claims.[13] The Port Authority has not identified any case in which a plaintiff failed to meet his or her initial burden under the *Transportation Management* framework by failing to plead and prove objective qualifications.

## IV.

For the foregoing reasons, we conclude that Carroll need not plead and prove that he was objectively qualified for the 2010 and 2012 promotions to sustain his USERRA discrimination suit. The case will be remanded to the District Court for further proceedings consistent with this Opinion.

---

[11] *See Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013) (using the *McDonnell Douglas* framework to analyze Title VII and ADEA claims, including the requirement that a plaintiff show he or she was qualified for the position in question); *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 759 n.3, 761 (3d Cir. 2004) (using the *McDonnell Douglas* framework to analyze ADA claims, including the requirement that a plaintiff show he or she was "otherwise qualified to perform the essential functions of the job").

[12] *See supra* note 5.

[13] *See supra* note 7.