NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1034

_____

BERNARD T. CANETE,
                                        Appellant

v.

BARNABAS HEALTH SYSTEM; NEWARK BETH ISRAEL MEDICAL CENTER;
JOHN BRENNAN, CEO; ZACHARY LIPNER; JOANNE REILLY; MARY ELLEN
WIGGINS; HELEN HARTNEY; JOHN DOES 1-10; JANE DOES 1-10; ABC
CORPORATIONS A THROUGH Z

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-07222)
District Judge: Honorable Esther Salas

_____

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2018

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed: April 11, 2018)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bernard Canete is a retired Army Lieutenant Colonel and a registered nurse employed in the Crisis Unit at the Newark Beth Israel Medical Center. He brought suit in the District Court for the District of New Jersey against Defendants, his employers and supervisors, for impermissible discrimination on the basis of his age under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(a); his race and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the NJLAD, N.J. Stat. Ann. § 10:5-12(a); and his military status under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311(a), and the NJLAD, N.J. Stat. Ann. § 10:5-12(a). He also claims Defendants created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and the NJLAD, N.J. Stat. Ann. § 10:5-12(a). Finally, he claims Defendants aided and abetted each other in these discriminatory practices in violation of the NJLAD, N.J. Stat. Ann. § 10:5-12(e).

Defendants moved for summary judgment. For each of Canete's discrimination claims to survive that motion, he must produce evidence of an adverse employment action taken against him. *See Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 761 (3d Cir. 2004) (adverse employment action necessary for Title VII claims); *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 n.6 (3d Cir. 2003) (ADEA claim elements are "substantially the same" as Title VII claims, including the adverse employment action requirement); *Carroll v. Del. River Port Auth.*, 843 F.3d 129, 131 (3d Cir. 2016) (adverse employment action necessary for USERRA claims); *Battaglia v. United Parcel Serv., Inc.*, 70 A.3d

602, 619 (N.J. 2013) (adverse employment action necessary for NJLAD claims). Similarly, for his hostile work environment claims, he must show evidence of discrimination "sufficiently severe or pervasive to alter the conditions of [his] employment . . . ." *Spain v. Gallegos*, 26 F.3d 439, 446 (3d Cir. 1994) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

The District Court granted Defendants' motion because, among other things, Canete failed to establish an adverse action or severe or pervasive discriminatory conduct. Canete now appeals that ruling. He also argues that the District Court showed bias against him by misapplying the summary judgment standard. We find no error in the District Court's reasoning or application of the law and thus affirm.[1]

An adverse employment action sufficient for Canete's discrimination claims to proceed must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment . . . ." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997); *see also Staub v. Proctor Hosp.*, 562 U.S. 411, 416-17 (2011) (describing USERRA's discrimination prohibition as "very similar to Title VII"); ADEA, 29 U.S.C. § 623(a) (prohibiting discrimination with respect to employee's "compensation, terms, conditions, or privileges of employment"); NJLAD, N.J. Stat. Ann. § 10:5-12(a) (proscribing discrimination "in compensation or in terms, conditions or privileges of employment"). Likewise, a hostile work environment must involve "severe

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331, 1367. Our appellate jurisdiction is under 28 U.S.C. § 1291, and our review of summary judgment determinations is plenary. *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 325 (3d Cir. 2015).

or pervasive" harassment. *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017) (emphasis omitted); *see also Carver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005) (noting NJLAD hostile work environment claims require "severe or pervasive" discriminatory conduct). "[S]ome harassment may be severe enough to contaminate an environment even if not pervasive; other, less objectionable, conduct will contaminate the workplace only if it is pervasive." *Castleberry*, 863 F.3d at 264. (citation omitted).

Canete claims that his employers and supervisors caused him to miss lunches and breaks and gave more favorable treatment to his co-workers, which he argues are adverse actions and created a hostile work environment. However, the record fails to support these assertions. At most, during the relevant timeframe:[2] Canete missed only one lunch break; a co-worker once noted that Canete was the only employee who did not know how to use the office printer; he vaguely recalled some co-workers commenting that he should retire but could not describe specific instances; he was monitored and retrained following a supervisor's concern about his technique for administering injections, but was subject to no further action; he was retrained after he did not follow the correct protocol for physically restraining a patient, but was subject to no further action; and once, when he answered a phone call with "Colonel Canete," the junior co-worker on the other line giggled for unknown reasons.

---

[2] Pursuant to a District Court Order that is unchallenged here, Canete's claims may be based only on events that occurred after June 13, 2012. *See* Order at 2, *Canete v. Barnabus Health Sys.*, No. 2:12-cv-07222 (D.N.J. Sept. 18, 2013).

Even viewing these assertions in the light most favorable to Canete, *see Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256 (3d Cir. 2017), they do not raise a genuine question as to whether he suffered a serious, tangible change in employment status or whether Defendants intentionally discriminated against him in a severe or pervasive manner. Because his underlying discrimination and hostile work environment claims fail, Canete's aiding and abetting claims must also. *See Tarr v. Ciasulli*, 853 A.2d 921, 929 (N.J. 2004).

Lastly, Canete's argument that the District Court revealed a judicial bias against him by misapplying the summary judgment standard has no merit, as the record reflects that the Court carefully addressed each of his claims and properly applied the relevant law.

We therefore affirm.